HOLLAND & KNIGHT
Jessica Lanier (CA State Bar No. 303395)
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: jessica.lanier@hklaw.com

Thomas W. Brooke (*pro hac vice* pending)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
202.663.7271
thomas.brooke@hklaw.com

Attorneys for BD HOTELS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BD HOTELS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PODINN HOTEL ZHEJIANG CO., LTD. (f/k/a "HANGZHOU ZHUYOU HOTELS & INN MANAGEMENT CO., LTD.")<br><br>    Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION; TRADE DRESS INFRINGEMENT; CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT; CALIFORNIA COMMON LAW UNFAIR COMPETITION; AND UNFAIR COMPETITION UNDER CALIFORNIA STATE LAW S. 17200**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 1367(a) and 15 U.S.C. § 1121, Plaintiff **BD HOTELS, LLC** (hereafter "BD Hotels" or "Plaintiff"), files this Complaint against Defendant **POD INN HOTEL ZHEJIANG CO., LTD.**, formerly known as **HANGZHOU ZHUYOU**

**HOTELS & INN MANAGEMENT CO., LTD**. (hereafter "Hangzhou" or "Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff BD Hotels is a New York limited liability company doing business at 871 Seventh Avenue, New York, New York, 10019.

2. Defendant is a limited liability company organized under the laws of China, Room 202, 2F of the Building 22's Back Zhaohui No. 6 District, Xiacheng Hangzhou, Zhejiang China.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Further, this Court possesses subject matter jurisdiction over this action insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states as provided in 28 U.S.C. § 1332(a)(1). Additionally, this Court has supplemental jurisdiction over Janome's state, statutory and common law claims under 28 U.S.C. § 1367(a) as these claims are part of the same case or controversy as the federal claims in this action.

4. This Court has personal jurisdiction over Defendant by virtue of the long-arm jurisprudence of the State of California. Specifically, the Defendant has committed tortious acts within the state of California. Defendant owns and operates a hotel called "Pod Inn," located at 2025 W. 3rd Street, Los Angeles, California, since at least August 2014. Defendant offers services infringing the registered trademarks of Plaintiff, unfairly competes with the services offered by BD Hotels, and makes false representation as to the endorsement, origin, quality, and character of the services Defendant offers.

5. Venue is properly placed in this District and Division pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. Plaintiff owns the mark **THE POD HOTEL** and variations including **POD HOTEL** which it uses to identify its hotel and associated restaurant, bar, and concierge services.

7. Plaintiff owns two U.S. Trademark Registrations for the **POD HOTEL** mark:

(a) Reg. No. 3,575,140 **THE POD HOTEL** for "Hotel, bar and restaurant services," and

(b) Reg. No. 3,575, 141 **THE POD HOTEL** for "Hotel concierge services."

8. These registrations are valid, subsisting, and incontestable. Plaintiff has policed its rights to **THE POD HOTEL** mark and barred others from using the same or similar marks on the same or similar services.

9. Copies of corresponding trademark registration certifications are attached hereto as **Exhibit A**.

10. Plaintiff offers luxury accommodations in compact spaces at an affordable price in New York City. Plaintiff formed **THE POD HOTELS** in 2005 with its first location, named **POD 51**, located at 230 East 51st Street, New York, New York 10022. Plaintiff began operating a second location, named **POD 39**, located at 145 East 39th Street, New York, New York 10016, in 2012. Development on a hotel located in Washington, D.C. is currently underway. Plaintiff expects to open this hotel to guests sometime in 2017. Plaintiff also has plans to expand its franchise to locations in Times Square, Brooklyn, Boston, and Los Angeles.

11. Operating under the name **POD HOTELS**, Plaintiff offers sleek, high-tech accommodations with space-saving design, offering travelers affordable lodging with the comfort of a high-end hotel. BD Hotels is a leader in the "capsule" hotel space, marketing to business and leisure travelers alike.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

12. On Expedia, **POD 39** is a three-star hotel with a 94% guest-recommendation rating, and a 4.2 out of 5 gleaned from over 2300 "Expedia-Verified Reviews." **POD 51**, also a three-star hotel, features a 92% guest-recommendation rating, and a 4.1 out of 5 calculated from almost 4800 "Expedia-Verified Reviews."

13. Plaintiff has invested substantial resources—time and money—in advertising and promoting the services offered under **THE POD HOTEL** mark. As a result of its efforts, Plaintiff has developed valuable trademark rights extending nationwide. Plaintiff's long, extensive, exclusive, and continuous use of the mark, **THE POD HOTEL** mark has acquired secondary meaning and is well-known.

14. Defendant has never been an authorized user of **THE POD HOTEL** as a service or trademark. Defendant has never had authorization from Plaintiff to use **THE POD HOTEL MARK** in any capacity.

15. Defendant was the owner of U.S. Trademark Reg. No. 4,691,029 POD INN and Chinese Design Characters for "bar services, boarding for animals; café; creche services; motel services; rental of chairs, tables, table linens, glassware, restaurant; restaurant and hotel services; retirement homes, tourist homes," registered February 24, 2015.

16. In its registration, Defendant claimed first use of the mark in the United States from April 15, 2013. On information and belief, Defendant did not open a hotel and begin offering services in the United States until 2014.

17. Defendant's Pod Inn Los Angeles is a two star hotel with a 3 out of 5 star rating on Expedia from 55 "Expedia-Verified Reviews." Only 56% of guests would recommend it.

18. Defendant used a design in its registered mark for the word "POD" that is virtually identical to the design of the word "POD" Plaintiff used on its website, promotional material, signage, and elsewhere at its facilities. The font in question uses circular and sparse lettering and even spacing to convey symmetry, clean lines, and

simple, minimalistic and modern design, mirroring the ethos of the Plaintiff brand. A screenshot of Plaintiff's website featuring this font is attached hereto as **Exhibit B**.

19. Defendant also used images from the Plaintiff's website on its own website. A screenshot of Defendant's website's use of BD Hotels images is attached as **Exhibit C**. Screenshots of the BD Hotels website featuring these images are attached as **Exhibit D**.

20. Furthermore, Defendant referred, on its website, to the opening of Plaintiff's first hotel in New York, as if the BD Hotel property was owned and/or operated by Respondent: "2007, The Pod Hotel with hip modish and fashion New Concept opened in Manhattan NYK." See **Exhibit C.**

21. In a deliberate attempt to create an association with Plaintiff and to profit off of its established reputation and commercial impression in the hospitality industry, Defendant purposefully aped other aspects of Plaintiff's intellectual property. Signage at the Defendant's Los Angeles hotel features an exact replica of the circular font popularized by the Plaintiff brand logo. Moreover, the Los Angeles hotel features key and distinctive elements of Plaintiff's "THE POD HOTEL" trade dress, including extensive use of the color orange in the lobby and common areas as well as murals highly evocative of the "pop art" style featured at BD Hotels. Photographs of the Defendant's Los Angeles hotel signage, lobby, and mural are attached as **Exhibit E.** Photographs of the lobby of one of Plaintiff's New York hotels and mural are attached as **Exhibit D.**

22. The services Plaintiff offers—namely hotel as well as related bar and restaurant services, are identical to services Defendant offers at its Los Angeles establishment. Both parties promote advertising and offer their services on the World Wide Web, including on travel discount sites such as TripAdvisor and Expedia. The channels of commerce for the services of both parties are identical, and the class of customers for Plaintiff and Defendant's services are identical.

23. In August 21, 2015, counsel for Plaintiff sent defendant a cease and desist letter, pointing out Defendant's inappropriate use of Plaintiff's trade dress, trademark, photographs, and logo and demanding immediate assurances that the offensive behavior would stop. A copy of this letter is attached as **Exhibit F**.

24. Shortly thereafter, on September 25, 2015, Plaintiff filed a petition to cancel registration of Defendant's mark with the Trademark Trial and Appeal Board. Though Defendant counterclaimed with a petition to cancel one of Plaintiff's registered marks (Reg. No. 3,575,140 **THE POD HOTEL** for "Hotel, bar and restaurant services"), Defendant declined to respond to Plaintiff's rightful discovery requests *and* declined to respond to motions to compel and a motion to show cause.

25. On February 6, 2017, the TTAB granted Plaintiff's Petition for Cancellation and denied Defendant's counterclaims.

26. From the receipt of the first cease and desist letter in fall of 2015 through the cancellation of their registration in February of 2017, Defendant has persisted in its infringing behavior, continuing to operate its "POD Inn" business in Los Angeles and to advertise its services on the internet.

## CLAIMS FOR RELIEF

## COUNT I

**TRADEMARK INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS UNDER THE LANHAM ACT, 15 U.S.C. §§ 1114-1117**

**(Lanham Act § 32)**

27. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-26.

28. On information and belief, Defendant has used, without Plaintiff's consent or authorization, confusingly similar marks that include the word "POD" in connection with offering hospitality and hotel-associated services. These actions infringe Plaintiff's trademarks.

29. These acts of trademark infringement have been committed with intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

30. Defendant is using the POD INN mark in connection with hotel accommodations and services in a manner likely to cause confusion or mistake or to deceive as to the source, origin, or endorsement of such services.

31. Defendant's conduct has caused and will continue to cause confusion among the general public as to the source of Defendant's services and has caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

32. Based on the foregoing, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114. The infringing behavior is an exceptional case and was intentional, entitling Plaintiff to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION, FALSE DESIGNATION OF ORIGIN, AND TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a); LANHAM ACT § 43(a)

33. Plaintiff re-alleges and incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. The marks **POD HOTEL**, **POD HOTELS**, and **THE POD HOTEL** and other related marks that include the term "**POD**" have become uniquely associated with and identify Plaintiff's services.

35. Defendant's use of Plaintiff's marks to promote, market, or sell its services in competition with Plaintiff's services constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

36. Defendant's unauthorized use of the term **POD INN**, creates a false designation of origin, and false or misleading descriptions or misrepresentations of fact

Case 2:17-cv-01510 Document 1 Filed 02/23/17 Page 8 of 14 Page ID #:8

and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendant by Plaintiff. Defendant's acts represent falsely that Defendant's business is legitimately connected with Plaintiff's or emanates from or is authorized, sponsored, endorsed, or approved by Plaintiff, in violation of 15 U.S.C. § 1125(a).

37. Plaintiff's trade dress—"pop art" murals on the common areas of its hotels (including lobby areas), spartan, minimalist, and modern décor reminiscent of Scandinavian design, and use of the color russet orange in signage and for wall paint—is distinctive.

38. Plaintiff owns these stylistic elements as a trade dress and has acquired goodwill in them. These elements serve no functional purpose.

39. Defendant has used "pop art" murals in its hotel common areas, furnished its hotel with spartan, minimalist, and modern décor reminiscent of Scandinavian design, and has used the color russet orange liberally in signage and for wall paint.

40. Defendant has done so without Plaintiff's consent in a manner likely to cause confusion among ordinary consumers as to source, sponsorship, affiliation, or approval of the hotel and hospitality services Defendant offers.

41. Defendant's infringement and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law.

42. Plaintiff has suffered damages as a result of Defendant's violation of 15 U.S.C. § 1125(a).

///
///
///
///

PLAINTIFF'S COMPLAINT

## COUNT III

## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c); LANHAM ACT § 43(c)

43. Plaintiffs re-allege and incorporate Paragraphs 1 through 42 as if fully set forth herein.

44. The acts complained of aforesaid are likely to cause dilution by blurring or dilution by tarnishment of Plaintiff's Marks.

45. Plaintiff's Marks are famous, highly recognizable, generates millions of dollars in sales each year, and is known to travelers from around the world. The **POD HOTEL** name and mark is synonymous with Plaintiff. As such, Plaintiff's Marks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

46. Defendant's activities have diluted or are likely to dilute the distinctive quality of Plaintiff's marks in violation of 15 U.S.C. § 1125(c).

47. Plaintiff is entitled to an injunction against Defendants, as Defendants' continued use of the **POD** marks and name is likely to cause, and has in fact caused, confusion, which impairs the distinctiveness and harms the reputation of the **POD HOTEL** name and marks. Moreover, because Defendant willfully intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's famous marks, Plaintiff is entitled to damages, extraordinary damages, fees, statutory damages, and costs pursuant to 15 U.S.C. § 1125(c)(2).

## COUNT IV

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

48. Plaintiff re-alleges and incorporates Paragraphs 1 through 47 as if fully set forth herein.

49. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

50. Plaintiff owns registered trademarks for **THE POD HOTEL** and has used **THE POD HOTEL** mark since at least 2005. Upon information and belief, though Defendant claimed in its registration papers to have begun using the **POD INN** mark in 2013, Defendant's actual first use of the confusingly similar mark occurred in 2014.

51. Defendant and Plaintiff operate in identical channels of commerce (namely, the internet) and target identical classes of consumers. Accordingly, confusion is likely to result from Defendant's continued and unauthorized use of Plaintiff's mark.

52. Upon information and belief, Defendant committed these infringements and violations willfully, knowingly, maliciously, and in conscious disregard for Plaintiff's rights.

53. Defendant's infringements and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT V

### CALIFORNIA STATUTORY UNFAIR COMPETITION (CAL. BUS & PROF CODE §17200)

54. Plaintiff re-alleges and incorporate Paragraphs 1 through 53 as if fully set forth herein.

55. Defendant's wrongful acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code § 17200.80.

56. Defendant's acts are, and will continue to be, irreparably damaging to Plaintiff unless enjoined by this Court. Accordingly, Plaintiff has no adequate remedy at law.

57. As a consequence of Defendant's actions, Plaintiff is entitled to injunctive relief and an order that Defendant disgorges all profits gained in offering services under Plaintiff's mark.

## COUNT VI

### CALIFORNIA COMMON LAW UNFAIR COMPETITION

58. Plaintiff re-alleges and incorporates Paragraphs 1-57 as if fully set forth herein.

59. Since the inception of its business, Defendant has attempted to create an association between its enterprise and Plaintiff's established business offering hotel and hospitality services under **THE POD HOTEL** mark. Defendant has attempted to pass off its services as endorsed by or affiliated with Plaintiff.

60. Plaintiff did not approve or sanction Defendant's activities.

61. Defendant's **POD INN** facility is poorly reviewed and has a lower customer satisfaction rating that Plaintiff's facilities bearing **THE POD HOTEL** mark.

62. Upon information and belief, Defendant's actions have resulted in consumer confusion, namely that consumers believe that Defendant's facility is associated with or endorsed by Plaintiff.

63. Defendant's actions resulted in harm to the reputation of Plaintiff's mark, which is associated with high quality hospitality service.

64. Defendant's acts are, and will continue to be, irreparably damaging to Plaintiff unless enjoined by this Court. Accordingly, Plaintiff has no adequate remedy at law.

65. As a consequence of Defendant's actions, Plaintiff is entitled to injunctive relief and an order that Defendant disgorges all profits gained in offering services under Plaintiff's mark and compensates Plaintiff for any lost business as a

result of damage to its brand and for any damage to Plaintiff's **THE POD HOTEL** mark's accumulated goodwill.

## COUNT VII
## PERMANENT INJUNCTION

66. Plaintiff re-alleges and incorporates Paragraphs 1 through 65 as if fully set forth herein.

67. Defendant's use of the term **POD INN** or any other mark that includes the word **POD** is likely to cause confusion, mistake, and deception because the public will believe Defendants are associated with Plaintiff or authorized to use the **POD INN** or **POD** mark.

68. Unless the Court intervenes to restrain and enjoin Defendant from using the confusingly similar term **POD INN** or any other variation of the **POD** mark, Defendant will continue to use it.

69. Such activities will cause Plaintiff to be irreparably harmed and will deprive Plaintiff of its protected interest in the marks **POD HOTEL**, **POD HOTELS**, and **THE POD HOTEL** and other related marks that include the words "**POD**" and the accumulated goodwill generated by Plaintiff's promotion, advertising, and sale of its services.

70. Plaintiff has no adequate remedy at law to rectify the harm to Plaintiff's Mark and other related marks that include the term "**POD**" by Defendant's unauthorized use of the name and mark **POD INN**.

71. The entry of permanent injunctive relief will not adversely affect any third parties and will further the public interest by eliminating the confusion, deception, and infringement, as described herein.

72. By reason of the foregoing, Defendant should be permanently restrained and enjoined from using the name and mark **POD INN** or any other mark that

includes the word **POD** and from interfering with the rights of Plaintiff in its marks that include the term "**POD**."

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. That Defendant be adjudged:

1. to have infringed Plaintiff's trademarks in violation of California common law and the 15 U.S.C. s. 1114;

2. to have competed unfairly against Plaintiff in violation of California common law, California Bus. And Prof. Code s. 17200, and 15 U.S.C. s. 1125;

3. to have diluted Plaintiff's famous trademarks in violation of 15 U.S.C. s. 1125

b. That Defendant, its agents, officers, servants, employees, and affiliates, and all those persons in active concert or participation with it, be preliminarily and thereafter permanently enjoined and restrained from:

1. Using the terms **POD INN, POD**, or any other words confusingly similar to the marks **POD HOTEL**, **POD HOTELS**, and **THE POD HOTEL** and other related marks that include the term "**POD**" alone or in combination with other words, as a service mark, trademark, trade name, component, or otherwise to market, promote, advertise, or identify Defendant's services;

2. Otherwise infringing the marks **POD HOTEL**, **POD HOTELS**, and **THE POD HOTEL** and other related marks that include the term "**POD**;"

3. Using misleading advertising to suggest endorsement by Plaintiff of Defendant's products and/or services when no such endorsement exists; and

    4.    Causing a likelihood of injury or injury to business reputation of Plaintiff's distinctive marks.

  c.    Pursuant to 15 U.S.C. §§ 1114, 1117, 1125 and the common law, Plaintiff be awarded its damages in the amounts of $50,000,000.00 (Fifty Million Dollars), restitution, Defendant's profits, and Plaintiff's attorneys' fees and costs, statutory damages, and that this award of damages be trebled.

  d.    That Defendants be required to recall and deliver up and destroy all literature, advertising, promotional materials, and other material bearing the term POD or any other confusingly similar term.

  e.    Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: February 23, 2017

                                                              /s/ Jessica Lanier
                                                        HOLLAND & KNIGHT LLP
                                                        Thomas Brooke (*pro hac vice* pending)
                                                        Jessica Lanier

                                                        Attorneys for Plaintiff BD HOTELS, LLC.